IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SECURE AXCESS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. _____ |
| | § | |
| NINTENDO OF AMERICA, INC., | § | |
| NINTENDO CO., LTD., | § | JURY TRIAL DEMANDED |
| MICRO ELECTRONICS, INC., | § | |
| HASTINGS ENTERTAINMENT, INC., | § | |
| GAME STOP CORPORATION, | § | |
| WAL-MART STORES, INC., | § | |
| WAL-MART STORES TEXAS, LLC, | § | |
| BEST BUY STORES, L.P., | § | |
| BESTBUY.COM, LLC, | § | |
| K MART CORPORATION, | § | |
| TARGET CORPORATION, | § | |
| TOYS "R" US-DELAWARE, INC., | § | |
| and AMAZON.COM, INC. | § | |
| | § | |
| | § | |
| Defendants. | § | |
| | § | |

## PLAINTIFF SECURE AXCESS, LLC'S ORIGINAL COMPLAINT

Plaintiff Secure Axcess, LLC, ("S/A") files this original complaint and asserts claims of patent infringement against Defendants Nintendo of America, Inc., Nintendo Co., Ltd., Micro Electronics, Inc., Hastings Entertainment, Inc., Game Stop Corporation, Wal-Mart Stores, Inc., Wal-Mart Stores Texas, LLC, Best Buy Stores, L.P., Bestbuy.com, LLC, K Mart Corporation, Target Corporation, Toys "R" Us-Delaware, Inc., and Amazon.com, Inc.

### I. INTRODUCTION

1.  S/A asserts claims of patent infringement under 35 U.S.C. §271 based on Defendants' infringement of United States Patent No. 6,522,309 (the "'309 Patent") by making,

using, selling, offering to sell, importing, and inducing others to use, to sell, and to offer to sell Nintendo's Wii U Console System (the "Accused Product"), in this Judicial District and elsewhere in the United States of America without license or authorization.

## II. THE PARTIES

2.  Plaintiff S/A is a limited liability company that is organized and that exists pursuant to the laws of the State of Texas with its principal place of business at 555 Republic Drive, Suite 200, Plano, Texas 75074. S/A is the owner of the '309 Patent by assignment from the inventor.

3.  Defendant Nintendo of America, Inc. ("Nintendo USA") is a corporation that is organized and that exists pursuant to the laws of the State of Washington with its principal place of business at 4820 150th Avenue NE, Redmond, Washington 98052-5111. Nintendo USA is a wholly-owned subsidiary of Nintendo, Ltd. Nintendo USA is registered to do business in the State of Texas and it may be served with process by delivering a summons and a true and correct copy of this complaint to its registered agent for receipt of service of process, CT Corporation System, 350 N. St. Paul St., Suite 2900, Dallas, Texas 75201-4234.

4.  Defendant, Nintendo Co., Ltd. ("Nintendo Japan") is a Japanese corporation with a regular place of business and mailing address at 11-1 Kamitoba hokotate-cho, Minami-ku, Kyoto 601-8501 Japan. Nintendo Japan is not registered to do business in the State of Texas, nor does it have a regular place of business in the State of Texas. Nintendo Japan may be served with process pursuant to the Hague Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, by delivering a citation, a true and correct copy of this complaint (together with a Japanese translation of the complaint),

and a Request for Service, to the Ministry of Foreign Affairs, 2-2-1 Kasumigaseki Chiyoda-ku, Tokyo 100-8919 Japan.

5.  Defendant GameStop Corporation ("GameStop") is a corporation that is organized and that exists pursuant to the laws of the State of Delaware with its principal place of business located at 625 Westport Parkway, Grapevine, Texas 76051.  GameStop is a citizen of the State of Texas and it may be served with process by delivering a summons and a true and correct copy of this complaint to its registered agent for receipt of service of process, CT Corporation System at 350 N. St. Paul St., Suite 2600, Dallas, Texas 75201-4234.

6.  Defendant Hastings Entertainment, Inc. ("Hastings") is a corporation that is organized and that exists pursuant to the laws of the State of Texas with its principal place of business located at 3601 Plains Blvd., Unit 1, Amarillo, TX 79102-1019.  Hastings is a citizen of the State of Texas and it may be served with process by delivering a summons and true and correct copy of this complaint to its registered agent for receipt of service of process, CT Corporation System at 350 N. St. Paul St., Suite 2600, Dallas, Texas 75201-4234.

7.  Defendant Micro Electronics, Inc. ("Micro Electronics") is a corporation that is organized and that exists pursuant to the laws of the State of Delaware with its principal place of business at 4119 Lead Road, Hilliard, OH, 43026-6143.  Micro Electronics may be served with process by delivering a summons and a true and correct copy of this complaint to its registered agent for receipt of service of process, National Registered Agents, Inc. at 1021 Main Street, Suite 1150, Houston, Texas 77002-6508.

8.  Defendant Wal-Mart Stores, Inc. ("Wal-Mart") is a corporation that is organized and that exists pursuant to the laws of the State of Delaware with its principal place of business at 702 SW 8th Street, Bentonville, Arkansas 72716.  Wal-Mart is registered to do business in

Texas and it may be served with process by delivering a summons and a true and correct copy of this complaint to its registered agent for receipt of service of process, CT Corporation System at 350 N St. Paul St., Suite 2900, Dallas, Texas 75201-4234.

9.      Defendant Wal-Mart Stores Texas, LLC ("Wal-Mart Texas") is a limited liability company that is organized and that exists pursuant to the laws of the State of Delaware with its principal place of business at 702 SW 8th Street, Bentonville, Arkansas 72716.  Wal-Mart Texas is registered to do business in Texas and it may be served with process by delivering a summons and a true and correct copy of this complaint to its registered agent for receipt of service of process, CT Corporation System at 350 N St. Paul St., Suite 2900, Dallas, Texas 75201-4234.

10.     Defendant Best Buy Stores, L.P. ("Best Buy Stores") is a limited partnership organized and existing under the laws of the Commonwealth of Virginia with its principal place of business at 7601 Penn Ave. South, Richfield, Minnesota 55423. Best Buy Stores is registered to do business in Texas and it may be served with process by delivering a summons and a true and correct copy of this complaint to its registered agent for receipt of service of process, CT Corporation System at 350 N St. Paul St., Suite 2900, Dallas, Texas 75201-4234.

11.     Defendant BestBuy.com, LLC ("BestBuy.com") is a corporation organized and existing under the laws of the Commonwealth of Virginia with its principal place of business at 7601 Penn Ave South, Richfield, Minnesota 55423. BestBuy.com is registered to do business in Texas and it may be served with process by delivering a summons and a true and correct copy of this complaint to its registered agent for receipt of service of process, CT Corporation System at 350 N St. Paul St., Suite 2900, Dallas, Texas 75201-4234.

12.     Defendant K mart Corporation ("K mart") is a corporation organized and existing under the laws of the State of Michigan with its principal place of business at 3333 Beverly Road

B2-100B, Hoffman Estates, Illinois 60179. K mart is registered to do business in Texas and it may be served with process by delivering a summons and a true and correct copy of this complaint to its registered agent for receipt of service of process, CT Corporation System at 350 N St. Paul St., Suite 2900, Dallas, Texas 75201-4234.

13. Defendant Target Corporation ("Target") is a corporation organized and existing under the laws of the State of Minnesota with its principal place of business at 1000 Nicollet Mall TPN 0945, Minneapolis, Minnesota 55403. Target is registered to do business in Texas and it may be served with process by delivering a summons and a true and correct copy of this complaint to its registered agent for receipt of service of process, CT Corporation System at 350 N St. Paul St., Suite 2900, Dallas, Texas 75201-4234.

14. Defendant Toys "R" Us-Delaware, Inc. ("Toys "R" Us") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at One Geoffrey Way, Wayne, New Jersey 07470. Toys "R" Us is registered to do business in Texas and it may be served with process by delivering a summons and a true and correct copy of this complaint to its registered agent for receipt of service of process, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at 211 E. 7th St., Suite 620, Austin, Texas 78701-3218.

15. Defendant Amazon.com, Inc. ("Amazon") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 410 Terry Avenue North, Seattle, WA 98019.  Amazon engages in business in Texas; however, it does not maintain a resident agent to receive service of process in the State of Texas.  Thus, pursuant to V.T.C.A., Tex. Civ. Prac. & Rem. Code §17.044, Amazon may be served with process by delivering a true and correct copy of this complaint, together with an original summons, to the Secretary of State

Case 2:14-cv-00284-JRG Document 1 Filed 03/28/14 Page 6 of 17 PageID #: 6

for the State of Texas, 1019 Brazos Street, Austin, Texas 78701. Upon receipt of the summons and the copy of the complaint, the Secretary of State will forward process to Amazon's agent for receipt of service of process, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

### III. JURISDICTION AND VENUE

16. This Court has original and exclusive jurisdiction over the subject matter of this case pursuant to 28 U.S.C. §§1331 and 1338(a) because the claims in this case arise under the Patent Act, 35 U.S.C. §271, *et seq*.

17. This Court has personal jurisdiction over the Defendants because each has sold Accused Products in the State of Texas, actively induced and/or contributed to infringement in the State of Texas, and/or has established regular and systematic business contacts with the State of Texas. In addition, this Court has personal jurisdiction over Defendants GameStop and Hastings because they are citizens of the State of Texas.

18. This Court is an appropriate venue for this case pursuant to 28 U.S.C. §1400(b) because each of the Defendants either are deemed to reside in this District pursuant to 28 U.S.C. §1391(c), or has committed or has induced acts of infringement and/or has a regular and established place of business in this District.

19. Joinder of all Defendants is proper under Rule 20 of the Federal Rules of Civil Procedure and 35 U.S.C. §299. Nintendo is jointly liable for infringement with the remaining Defendants with respect to successive wholesale and retail sales of the same Accused Product. As such, S/A's patent infringement claims against all Defendants give rise to common questions of fact and issues of law.

## IV.  CAUSE OF ACTION

### Count One
### (Patent Infringement—Nintendo Japan and Nintendo USA)

20. On February 18, 2003, the '309 Patent, entitled "Multiscreen Personal Computer Display Method And Apparatus," was duly and lawfully issued by the United States Patent and Trademark Office.

21. The '309 Patent was issued from United States Patent Application Serial No. 09/515,081, which was filed on February 28, 2000.

22. By written assignment dated May 29, 2010 and recorded with the United States Patent and Trademark Office on June 13, 2010, the '309 Patent was assigned by its sole inventor, Harold J. Weber, to Harold J. Weber, Trustee For SavvyStuff Property Trust.

23. By written assignment dated April 16, 2012 and recorded with the United States Patent and Trademark Office on July 30, 2012, Harold J. Weber, Trustee For SavvyStuff Property Trust assigned the '309 Patent to S/A.

24. A true and correct copy of the '309 Patent is attached to this Complaint as Exhibit A.

25. Commencing at least as early as November 21, 2004, Nintendo Japan and Nintendo USA have directly infringed the '309 Patent and continue to directly infringe the '309 Patent by making, using, selling, offering for sale, and/or importing Accused Products in violation of 35 U.S.C. § 271.

26. Nintendo Japan and Nintendo USA have indirectly infringed and continue to indirectly infringe the '309 Patent by inducing and/or contributing to the infringement by others

(including resellers and end users) through their use, sales, offers for sale, and importation of the Accused Products in violation of 35 U.S.C. § 271.

27. Prior to the filing of this action, Nintendo had knowledge of the '309 Patent and was aware at the time it introduced the Accused Product to retailers in the United States that the Accused Product infringes one or more claims of the '309 Patent. Alternatively, Nintendo had knowledge of the '309 Patent and will have knowledge of the fact its Accused Product infringes the Patent as of the date it receives notice of this action.

28. As a direct and proximate result of Nintendo Japan and Nintendo America's infringement of the '309 Patent, S/A has been damaged and S/A is entitled to recover at least a reasonable royalty pursuant to 35 U.S.C. § 284. Moreover, because Nintendo Japan and Nintendo America's infringement of the '309 Patent was willful, S/A is entitled to an award of increased damages under 35 U.S.C. § 284, together with its attorneys' fees pursuant to 35 U.S.C. § 285.

### Count Two
### (Patent Infringement—GameStop)

29. GameStop has directly infringed the '309 Patent and continues to directly infringe the '309 Patent by using, selling, offering for sale, and/or importing Accused Products in violation of 35 U.S.C. § 271.

30. GameStop has indirectly infringed and continues to indirectly infringe the '309 Patent by inducing and/or contributing to the infringement by others (including end users) through their use of the Accused Product in violation of 35 U.S.C. § 271.

31. As a direct and proximate result of GameStop's infringement of the '309 Patent, S/A has been damaged and is entitled to recover at least a reasonable royalty pursuant to 35 U.S.C. § 284.

**Count Three**
**(Patent Infringement—Hastings)**

32. Hastings has directly infringed the '309 Patent and continues to directly infringe the '309 Patent by using, selling, offering for sale, and/or importing Accused Products in violation of 35 U.S.C. § 271.

33. Hastings has indirectly infringed and continues to indirectly infringe the '309 Patent by inducing and/or contributing to the infringement by others (including end users) through their use of the Accused Products in violation of 35 U.S.C. § 271.

34. As a direct and proximate result of Hastings' infringement of the '309 Patent, S/A has been damaged and S/A is entitled to recover at least a reasonable royalty pursuant to 35 U.S.C. § 284.

**Count Four**
**(Patent Infringement—Micro Electronics)**

35. Micro Electronics has directly infringed the '309 Patent and continues to directly infringe the '309 Patent by using, selling, offering for sale, and/or importing Accused Products in violation of 35 U.S.C. § 271.

36. Micro Electronics has indirectly infringed and continues to indirectly infringe the '309 Patent by inducing and/or contributing to the infringement by others (including end users) through their use of the Accused Products in violation of 35 U.S.C. § 271.

37. As a direct and proximate result of Micro Electronics' infringement of the '309 Patent, S/A has been damaged and S/A is entitled to recover at least a reasonable royalty pursuant to 35 U.S.C. § 284.

## Count Five
### (Patent Infringement—Wal-Mart Stores, Inc.)

38. Wal-Mart Inc. has directly infringed the '309 Patent and continues to directly infringe the '309 Patent by using, selling, offering for sale, and/or importing Accused Products in violation of 35 U.S.C. § 271.

39. Wal-Mart Inc. has indirectly infringed and continues to indirectly infringe the '309 Patent by inducing and/or contributing to the infringement by others (including end users) through their use of the Accused Products in violation of 35 U.S.C. § 271.

40. As a direct and proximate result of Wal-Mart Inc.'s infringement of the '309 Patent, S/A has been damaged and S/A is entitled to recover at least a reasonable royalty pursuant to 35 U.S.C. § 284.

## Count Six
### (Patent Infringement—Wal-Mart Stores Texas LLC)

41. Wal-Mart Texas has directly infringed the '309 Patent and continues to directly infringe the '309 Patent by using, selling, offering for sale, and/or importing Accused Products in violation of 35 U.S.C. § 271.

42. Wal-Mart Texas has indirectly infringed and continues to indirectly infringe the '309 Patent by inducing and/or contributing to the infringement by others (including end users) through their use of the Accused Products in violation of 35 U.S.C. § 271.

43. As a direct and proximate result of Wal-Mart Texas' infringement of the '309 Patent, S/A has been damaged and S/A is entitled to recover at least a reasonable royalty pursuant to 35 U.S.C. § 284.

## Count Seven
### (Patent Infringement—Best Buy Stores, L.P.)

44. Best Buy Stores has directly infringed the '309 Patent and continues to directly infringe the '309 Patent by using, selling, offering for sale, and/or importing Accused Products in violation of 35 U.S.C. § 271.

45. Best Buy Stores has indirectly infringed and continues to indirectly infringe the '309 Patent by inducing and/or contributing to the infringement by others (including end users) through their use of the Accused Products in violation of 35 U.S.C. § 271.

46. As a direct and proximate result of Best Buy Stores' infringement of the '309 Patent, S/A has been damaged and S/A is entitled to recover at least a reasonable royalty pursuant to 35 U.S.C. § 284.

## Count Eight
### (Patent Infringement—BestBuy.com, LLC)

47. BestBuy.com has directly infringed the '309 Patent and continues to directly infringe the '309 Patent by using, selling, offering for sale, and/or importing Accused Products in violation of 35 U.S.C. § 271.

48. BestBuy.com has indirectly infringed and continues to indirectly infringe the '309 Patent by inducing and/or contributing to the infringement by others (including end users) through their use of the Accused Products in violation of 35 U.S.C. § 271.

49. As a direct and proximate result of BestBuy.com's infringement of the '309 Patent, S/A has been damaged and S/A is entitled to recover at least a reasonable royalty pursuant to 35 U.S.C. § 284.

## Count Nine
### (Patent Infringement—K Mart Corporation)

50. K Mart has directly infringed the '309 Patent and continues to directly infringe the '309 Patent by using, selling, offering for sale, and/or importing Accused Products in violation of 35 U.S.C. § 271.

51. K Mart has indirectly infringed and continues to indirectly infringe the '309 Patent by inducing and/or contributing to the infringement by others (including end users) through their use of the Accused Products in violation of 35 U.S.C. § 271.

52. As a direct and proximate result of K Mart's infringement of the '309 Patent, S/A has been damaged and S/A is entitled to recover at least a reasonable royalty pursuant to 35 U.S.C. § 284.

## Count Ten
### (Patent Infringement—Target Corporation)

53. Target has directly infringed the '309 Patent and continues to directly infringe the '309 Patent by using, selling, offering for sale, and/or importing Accused Products in violation of 35 U.S.C. § 271.

54. Target has indirectly infringed and continues to indirectly infringe the '309 Patent by inducing and/or contributing to the infringement by others (including end users) through their use of the Accused Products in violation of 35 U.S.C. § 271.

55. As a direct and proximate result of Target's infringement of the '309 Patent, S/A has been damaged and S/A is entitled to recover at least a reasonable royalty pursuant to 35 U.S.C. § 284.

## Count Eleven
### (Patent Infringement—Toys "R" Us-Delaware, Inc.)

56. Toys "R" Us has directly infringed the '309 Patent and continues to directly infringe the '309 Patent by using, selling, offering for sale, and/or importing Accused Products in violation of 35 U.S.C. § 271.

57. Toys "R" Us has indirectly infringed and continues to indirectly infringe the '309 Patent by inducing and/or contributing to the infringement by others (including end users) through their use of the Accused Products in violation of 35 U.S.C. § 271.

58. As a direct and proximate result of Toys "R" Us' infringement of the '309 Patent, S/A has been damaged and S/A is entitled to recover at least a reasonable royalty pursuant to 35 U.S.C. § 284.

## Count Twelve
### (Patent Infringement—Amazon.com)

59. Amazon.com has directly infringed the '309 Patent and continue to directly infringe the '309 Patent by using, selling, offering for sale, and/or importing Accused Products in violation of 35 U.S.C. § 271.

60. Amazon.com LLC and Amazon have indirectly infringed and continues to indirectly infringe the '309 Patent by inducing and/or contributing to the infringement by others (including end users) through their use of the Accused Products in violation of 35 U.S.C. § 271.

61. As a direct and proximate result of Amazon.com LLC and Amazon's infringement of the '309 Patent, S/A has been damaged and S/A is entitled to recover at least a reasonable royalty pursuant to 35 U.S.C. § 284.

## V. JURY DEMAND

62. S/A demands a trial by jury on all issues so triable.

## VI.  PRAYER

WHEREFORE, Plaintiff S/A prays for the entry of judgment in its favor and against the Defendants, as follows:

(a) In connection with Count One, finding that Defendants Nintendo Japan and Nintendo America have either directly infringed or indirectly infringed the '309 Patent, that such infringement was willful, that S/A is entitled to damages of no less than a reasonable royalty for Nintendo's infringement, that S/A is entitled to increased damages due to willful infringement, and that S/A is entitled to recover its costs and its attorneys' fees expended to prosecute its claims;

(b) In connection with Count Two, finding that Defendant GameStop has either directly infringed or indirectly infringed the '309 Patent, that S/A is entitled to damages of no less than a reasonable royalty for GameStop's infringement, and that S/A is entitled to recover its costs expended to prosecute its claims;

(c) In connection with Count Three, finding that Defendant Hastings has either directly infringed or indirectly infringed the '309 Patent, that S/A is entitled to damages of no less than a reasonable royalty for Hastings' infringement, and that S/A is entitled to recover its costs expended to prosecute its claims;

(d) In connection with Count Four, finding that Defendant Micro Electronics has either directly infringed or indirectly infringed the '309 Patent, that S/A is entitled to damages of no less than a reasonable royalty for Micro Electronics' infringement, and that S/A is entitled to recover its costs expended to prosecute its claims;

(e) In connection with Count Five, finding that Defendant Wal-Mart Inc. has either directly infringed or indirectly infringed the '309 Patent, that S/A is entitled to damages of no

less than a reasonable royalty for Wal-Mart Inc.'s infringement, and that S/A is entitled to recover its costs expended to prosecute its claims;

(f) In connection with Count Six, finding that Defendant Wal-Mart Stores Texas, LLC, has either directly infringed or indirectly infringed the '309 Patent, that S/A is entitled to damages of no less than a reasonable royalty for Wal-Mart Stores Texas, LLC's infringement, and that S/A is entitled to recover its costs expended to prosecute its claims;

(g) In connection with Count Seven, finding that Defendant Best Buy Stores has either directly infringed or indirectly infringed the '309 Patent, that S/A is entitled to damages of no less than a reasonable royalty for Best Buy Stores' infringement, and that S/A is entitled to recover its costs expended to prosecute its claims;

(h) In connection with Count Eight, finding that Defendant BestBuy.com has either directly infringed or indirectly infringed the '309 Patent, that S/A is entitled to damages of no less than a reasonable royalty for BestBuy.com's infringement, and that S/A is entitled to recover its costs expended to prosecute its claims;

(i) In connection with Count Nine, finding that Defendant K Mart has either directly infringed or indirectly infringed the '309 Patent, that S/A is entitled to damages of no less than a reasonable royalty for K Mart's infringement, and that S/A is entitled to recover its costs expended to prosecute its claims;

(j) In connection with Count Ten, finding that Defendant Target has either directly infringed or indirectly infringed the '309 Patent, that S/A is entitled to damages of no less than a reasonable royalty for Target's infringement, and that S/A is entitled to recover its costs expended to prosecute its claims;

(k) In connection with Count Eleven, finding that Defendant Toys "R" Us has either directly infringed or indirectly infringed the '309 Patent, that S/A is entitled to damages of no less than a reasonable royalty for Toys "R" Us' infringement, and that S/A is entitled to recover its costs expended to prosecute its claims;

(l) In connection with Count Twelve, finding that Defendant Amazon has either directly infringed or indirectly infringed the '309 Patent, that S/A is entitled to damages of no less than a reasonable royalty for Amazon.com's infringement, and that S/A is entitled to recover its costs expended to prosecute its claims;

(m) In connection with all counts, permanently enjoining the defendants from making, using, offering for sale, or selling the accused products in the Unites States of America for the life of the '309 Patent;

(n) In connection with all counts, awarding prejudgment interest and post-judgment interest at the lawful rates; and

(o) In connection with all counts, awarding all such other relief to which S/A may be entitled.

Dated: March 28, 2014

Respectfully submitted,

/s/ James E. Davis
James E. Davis
State Bar No. 05504200
FERGUSON, BRASWELL & FRASER, P.C.
2500 Dallas Parkway, Suite 2500
Plano, Texas 75093
Tel: 972-378-9111
Fax: 972-378-9115
jdavis@dallasbusinesslaw.com


Kelly J. Kubasta
State Bar No. 24002430
KLEMCHUK KUBASTA LLP
8150 N. Central Expy., 10th Floor
T: 214.367.6000
F: 214.367.6001
kelly.kubasta@kk-llp.com
docketing_kkllp@me.com


Carl R. Roth
State Bar No. 17312000
Brendan C. Roth
State Bar No. 24040132
Amanda A. Abraham
State Bar No. 24055077
The ROTH LAW FIRM
115 N. Wellington, Suite 200
Marshall, Texas 75670
T: 903.935.1665
F: 903.935.1797
cr@rothfirm.com
br@rothfirm.com
aa@rothfirm.com

**ATTORNEYS FOR PLAINTIFF
SECURE AXCESS LLC**